**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

DANIEL S. HAWRANEK,

     Plaintiff,

v.                                                                                    Civ. No. 19-1112 MV/GJF

LAW OFFICE OF THE PUBLIC
DEFENDER and AFSCME COUNCIL 18,

     Defendants.

**ORDER FINDING GOOD CAUSE TO**
**DELAY ISSUANCE OF SCHEDULING ORDER**

     THIS MATTER is before the Court upon a review of the record.  Pursuant to Rule 16(b)(2) of the Federal Rules of Civil Procedure, the Court must issue a scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared," unless the Court "finds good cause for delay."  Both defendants have been served and appeared, although Defendant AFSCME has moved to dismiss in lieu of answering.  *See* ECFs 7, 9, 10, 16, 18.  For the reasons stated on the record at the Court's telephonic status conference, *see* ECF 21 (Clerk's Minutes), the Court finds that, in light of Defendant AFSCME's Motion to Dismiss [ECF 10], good cause exists to delay the issuance of a scheduling order pending the outcome of this Motion.

     The Court finds that ordering Defendant AFSCME to participate in discovery when it might be dismissed entirely from the case outweighs the need of Plaintiff and Defendant Law Office of the Public Defender (LOPD) to commence discovery.  The Court further finds that permitting discovery to commence only as between Plaintiff and Defendant LOPD would be impractical and imprudent for two reasons.  First, doing so would run the risk of having to manufacture a separate discovery schedule—including successive depositions of already-deposed

witnesses—for the litigation between Plaintiff and Defendant AFSCME, in the event that the latter's pending motion is denied.  And second, while its motion remains pending, Defendant AFSCME would understandably feel compelled to participate in any depositions that might be noticed by either Plaintiff or Defendant LOPD, thereby incurring significant expense that would prove for naught if its motion is ultimately granted.  Accordingly, balancing the parties' respective equities as best it can, the Court finds that temporarily deferring the issuance of a scheduling order and staying discovery is the appropriate approach for this case at this time.

**IT IS THEREFORE ORDERED** that discovery in this case is **STAYED**.  As soon as the presiding judge rules on the pending motion to dismiss, the Court will order all parties that remain in the case to confer on and file a Joint Status Report and Provisional Discovery Plan and thereafter to attend a scheduling conference.

**SO ORDERED.**

_____

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE