UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DANIEL S. HAWRANEK,

    Plaintiff,

v.                                            Civ. No. 19-1112 JB/GJF

LAW OFFICE OF THE PUBLIC
DEFENDER and AFSCME COUNCIL 18,

    Defendants.

**PROPOSED FINDINGS AND**
**RECOMMENDED DISPOSITION**

THIS MATTER is before the Court upon AFSCME Council 18's "Motion to Dismiss" [ECF 10] ("Motion").[1] The Motion is fully briefed. *See* ECFs 13 (Response), 14 (Reply). For the reasons set forth below, the Court recommends (1) **DECLINING** supplemental jurisdiction over Plaintiff's claims against Defendant AFSCME, (2) **GRANTING** AFSCME's Motion, and (3) **DISMISSING WITHOUT PREJUDICE** Plaintiff's claims against AFSCME.

**I. BACKGROUND**

On November 27, 2019, Plaintiff filed a pro se "Complaint for Employment Discrimination" [ECF 1], alleging that Defendant Law Office of the Public Defender committed various acts of employment discrimination against him.[2] The Complaint also alleges one "charge" against Defendant AFSCME Council 18, the public sector union to which Plaintiff previously

---

[1] The Court files this recommendation pursuant to the presiding judge's July 24, 2020, Order of Reference. *See* ECF 26.

[2] Specifically, Plaintiff alleges that—as a result of his "gender/sex," age (50), and disability (i.e., "stray eye, sleep apnea, and deafness")—the Public Defender provided "[u]nequal terms and conditions of [his] employment," retaliated against him, refused to promote him, and fired him. Compl. 4; *see also id.* at 7-16 (discussion of Plaintiff's allegations, including eight enumerated "charges" and other unenumerated grievances). Plaintiff's Complaint invokes jurisdiction pursuant to "Title VII of the Civil Rights Act of 1964" (42 U.S.C. §§ 2000e, *et seq.*), the "Age Discrimination in Employment Act of 1967" (29 U.S.C. §§ 621, *et seq.*), the "Americans with Disabilities Act of 1990" (42 U.S.C. §§ 12112, *et seq.*), and (unspecified) federal and state "Whistle Blower" laws. *Id.* at 3.

belonged. Plaintiff alleges that, after he was fired on October 24, 2018, AFSCME committed an act of "[n]egligence" by "filing [arbitration-related] paperwork incorrectly" and foreclosing his opportunity to participate in "binding arbitration" with the Public Defender. Compl. 8.[3]

## II. ISSUES

The primary issues presented by AFSCME's Motion are whether Plaintiff has stated a legally satisfactory claim against it and whether his claim is time-barred.

## III. LAW

### A. Pleading Requirements

Under Rule 8 of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief" must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1); *see also Walden v. Bartlett*, 840 F.2d 771, 775 (10th Cir. 1988) (stating that a plaintiff must allege "facts sufficient to invoke the court's jurisdiction").[4] Otherwise, the Court may dismiss a plaintiff's claim without prejudice. Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1162 & n.3 (10th Cir. 2007) (also noting that "[the] basic abuse of discretion standard" is applied to "district courts' dismissals of actions without prejudice for failure to comply with Rule 8").

Such a pleading must also contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specifically, the pleading must "contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face."

---

[3] *See also id.* at 8, 15, 23–24 (stating that (1) "[o]n November 24, 2018, it was voted upon [by whom is not specified] that [Plaintiff] could do an arbitration;" (2) AFSCME "started the process to have this termination reversed;" (3) the Public Defender "refused the request for a binding arbitration;" but that (4) Plaintiff was "later informed [at some unspecified date] that [two union representatives] had filed the paperwork incorrectly").

[4] Although "[a] pro se litigant's pleadings are to be construed liberally," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), such a litigant must nevertheless "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

*Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012)).  Thus, when the Court "evaluat[es] the sufficiency of a complaint," it must "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* (quoting *Khalik*, 671 F.3d at 1191).[5]  If a pro se plaintiff's claim does not meet this pleading standard, the Court will generally dismiss the claim without prejudice.  *See Ghailani v. Sessions*, 859 F.3d 1295, 1304 n.4 (10th Cir. 2017) (permitting dismissals of pro se complaints for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), only if "it would be futile to give [the pro se plaintiff] an opportunity to amend" (quotations omitted)).

### B.  Applicable New Mexico Law

If a federal court decides to "exercise[] supplemental jurisdiction over state law claims in a federal question lawsuit," it "applies the substantive law . . . of the forum state." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1237 n.2 (10th Cir. 2020) (alteration in original) (quoting *BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999)).  In doing so, "[t]he federal court must follow the most recent decisions of the state's highest court." *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665 (10th Cir. 2007).  And "[w]here no controlling state decision exists, the federal court must attempt to predict what the state's highest court would do." *Id.* at 666 (quoting *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003)).[6]

---

[5] *See also id.* (observing that "'legal conclusions' as well as '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,'" are not "entitled to the assumption of truth"—but that the court is to only "'assume the veracity' of the well-pleaded *factual* allegations 'and then determine whether they plausibly give rise to an entitlement to relief'" (emphasis added) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009))).

[6] In making such a prediction, the federal court may "seek guidance from decisions rendered by lower courts in the relevant state, appellate decisions in other states with similar legal principles, district court decisions interpreting the law of the state in question, and the general weight and trend of authority in the relevant area of law." *Id.* (internal quotation marks and citations omitted).  But the federal court "must follow the decisions of intermediate state courts

The New Mexico Supreme Court has held that "all unions owe a common-law duty of fair representation to their members, but are given considerable discretion to decide whether and how to pursue a member's grievance, consistent with the best interests of the Union membership as a whole." *Akins v. USW Local 187*, 237 P.3d 744, 747-48 (N.M. 2010).[7] The resulting "common-law cause of action for breach of [this duty of fair representation]," however, is limited to "arbitrary, fraudulent or bad faith conduct on the part of the union; allegations of mere negligence by the union do not state a viable claim for relief." *Akins*, 237 P.3d at 748.[8]

The New Mexico Court of Appeals has observed that "[t]he question of the proper statute of limitations in a suit for breach of the [duty of fair representation] is an issue of first impression in New Mexico." *Akins v. USW Local 187*, 208 P.3d 457, 461 (N.M. Ct. App. 2009), *aff'd on other grounds*, 237 P.3d 744 (N.M. 2010).[9] The appellate court's holding that "the six-month

---

in the absence of convincing evidence that the highest court of the state would decide differently." *Stoner v. New York Life Ins. Co.*, 311 U.S. 464, 467 (1940). In addition, if the Tenth Circuit has "rendered a decision interpreting state law, that interpretation is binding on district courts in this circuit . . . unless an intervening decision of the state's highest court has resolved the issue." *Wankier*, 353 F.3d at 866 (citations omitted).

[7] *See also Callahan v. N.M. Fed'n of Teachers-TVI*, 131 P.3d 51, 55 (N.M. 2006) (observing that "[t]he union has great discretion in handling the claims of its members, and in determining whether . . . [to] press[] [a] claim through all of the grievance procedures, including arbitration, and the courts will interfere with the union's decision not to present an employee's grievance only in extreme cases" (quoting *Jones v. Int'l Union of Operating Eng'rs*, 383 P.2d 571 (N.M. 1963))).

[8] *See also Callahan*, 131 P.3d at 56 (observing that "a union member does not have 'an absolute right to have his [or her] grievance taken to arbitration'"—and that "a union does not breach its duty of fair representation merely by settling an employee's grievance short of arbitration" unless the union's conduct in doing so was "arbitrary, fraudulent, or [in] bad faith" (first bracket in original) (quoting *Vaca v. Sipes*, 386 U.S. 171, 191 (1967))).

[9] *See also id.* at 461–62 (observing that (1) "[New Mexico] case law . . . instructs [it] to look to the [National Labor Relations Act (NLRA), 29 U.S.C. §§ 151-169] for guidance in interpreting [New Mexico's Public Employee Bargaining Act (PEBA), N.M. Stat. Ann. §§ 10-7E-1, et seq.]" and (2) the United States Supreme Court's well-settled holding that "claims of breach of the [duty of fair representation] under the NLRA are subject to a six-month statute of limitations" (citing, *inter alia*, *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 169 (1983))); *but cf. id.* at 462–63 & n.1 (observing that (1) "[d]espite statements in federal cases that the [duty of fair representation] is a 'statutory duty' of the NLRA . . . [the New Mexico] Supreme Court has not brought the [duty of fair representation] actions into New Mexico's statutory fold," (2) "PEBA claims remain distinct from statutes administering *private-sector* labor relations [e.g., the NLRA]," (3) "the NLRA's limitation period is a result of statutory enactment by Congress, while in New Mexico the limitation period is an administrative prescription," and (4) "most state courts decline to extend the *DelCostello* holding to *public sector* employees by analogy" (emphasis added) (citations omitted)).

statute of limitations [at issue] . . . [did] not *retroactively* apply," however, "effectively short-circuit[ed] [this] question." *Id.* at 461–62 (emphasis added). Furthermore, although two New Mexico trial courts have held that this six-month statute of limitations, as set forth in New Mexico's Administrative Code,[10] applies to common-law duty of fair representation claims against unions, no higher-level court in New Mexico has addressed this novel issue—and neither has the Tenth Circuit or any federal court in this District.[11]

### C. Supplemental Jurisdiction

Federal district courts generally have "supplemental jurisdiction over . . . state-law claim[s]" that are "part of the same case or controversy" as those "claims over which the district court has original jurisdiction." *Merrifield v. Bd. of County Comm'rs*, 654 F.3d 1073, 1085 (10th Cir. 2011) (quoting 28 U.S.C. §§ 1367(a), (c)). Nevertheless, "federal court[s] [have] discretion to decline jurisdiction over a state-law claim" in certain circumstances. *Id.* For example, a federal court may decline jurisdiction on the grounds that "the claim raises a novel . . . issue of State law," 28 U.S.C. § 1367(c)(1)—particularly if "there is no controlling precedent" on a "principal issue in the state-law claim." *Merrifield*, 654 F.3d at 1085. In deciding whether to exercise such

---

[10] *See* 11.21.3.9 NMAC (Mar. 15, 2004) ("Any complaint filed more than six months following the conduct claimed to violate the act, or more than six months after the complainant either discovered or reasonably should have discovered each conduct, shall be dismissed.")

[11] *See, e.g., Valencia v. Santa Fe Police Officers Ass'n*, No. D-101-CV-2011-03604, ¶¶ 10-14 (N.M. First Judicial Dist. Ct. Jul. 12, 2016), *aff'd on other grounds*, 2019 N.M. App. Unpub. LEXIS 131, 2019 WL 2419012 (N.M. Ct. App. 2019) (unpublished), available at ECF 10-1 (Attachment to Defendant AFSCME's Motion) (a New Mexico trial court applying the six-month statute of limitations so as to avoid leaving such issues "lingering . . . for long periods of time"—but also acknowledging, in its cursory findings, that "there is no case law directly on point in New Mexico concerning the statute of limitations with regard to claims under the Duty of Fair Representation"); *Trujillo v. AFSCME 3973*, No. D-0608-CV-2015-00250, ¶¶ 3-22 (N.M. Sixth Judicial Dist. Ct. Mar. 13, 2017), *aff'd on other grounds*, 2017 N.M. App. Unpub. LEXIS 431, 2017 WL 6398138 (N.M. Ct. App. 2017) (unpublished), available at ECF 10-2 (another New Mexico trial court applying the six-month statute of limitations, particularly as Plaintiff did not contest this issue, but offering no further reasons for doing so). In affirming these two trial court cases, the New Mexico Court of Appeals expressly declined to "address whether [Plaintiffs'] duty of fair representation claim[s] [were] timely filed." *Valencia*, 2019 WL 2419012, at *5; *Trujillo*, 2017 WL 6398138 at *1 (same).

jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and *comity*." *Id.* (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)); *see also id.* at 1086 (finding a predominant interest in "comity—leaving to the states to decide novel questions of state-law"); *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1237 (10th Cir. 1997) (holding that "an authoritative state court ruling on the [novel state-law] claim should be permitted, instead of a guess or uncertain prediction by a federal court").

## IV. ANALYSIS

As a preliminary matter, Plaintiff's Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), for his claim against AFSCME. *See* Compl. 3; *supra* note 2. It appears, however, that Plaintiff is attempting to invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §§ 1367(a), for a *state law* claim that is "part of the same case or controversy" as his *federal law* employment discrimination claims against the Public Defender. *See* Compl. 3-5, 7-8. Specifically, it appears that Plaintiff is attempting to assert a "common-law cause of action" under New Mexico law for a breach of the "common-law duty of fair representation"—a duty that "all unions owe . . . to their members." *Akins*, 237 P.3d at 747-48; *see* Compl. 8, 15.[12]

But such a cause of action, as framed by Plaintiff, falls well short of "stat[ing] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As the New Mexico Supreme Court declared, "allegations of mere negligence by the union do not state a viable claim for relief." *Akins*,

---

[12] *See also Rivera v. Bernalillo County*, CIV. No. 00-0125 LH/DJS, 2000 U.S. Dist. LEXIS 24632, (D.N.M. Nov. 6, 2000), *aff'd on other grounds*, 51 Fed. Appx. 828 (10th Cir. 2002) (unpublished) at *3 (holding that public-sector employees do not qualify as "'employee[s]' under [29 U.S.C. § 152(3)]" and are therefore "not . . . entitled to sue [their] union[s] under the NLRA for a breach of the duty of fair representation" (citing *Roberts v. East Lyme Board of Education*, 173 F.3d 846 (2d Cir. 1999) (unpublished); *Crilly v. Southeastern Pennsylvania Transp. Authority*, 529 F.2d 1355 (3rd Cir. 1976))).

237 P.3d at 748. Plaintiff subsequently alleges—in his response brief and in conclusory fashion—that AFSCME's actions now qualify as "grossly negligent [and] arbitrary and capricious." Resp. 1, 4-6.[13] But Plaintiff sets for no "well-pleaded *factual* allegations," *Alpenglow*, 894 F.3d at 1195 (emphasis added), that, taken as true, amount to conduct by AFSCME that could be construed as "arbitrary, fraudulent or [in] bad faith," *Akins*, 237 P.3d at 748. *See* Compl. 7-16; *see also* Resp. 1-6. Indeed, this Court has been presented with no *factual* allegations that an apparent filing error by AFSCME was committed in bad faith, fraudulently, or arbitrarily. *See* Compl. 7-16; Resp. 1-6.

More importantly, however, this Court should decline to exercise supplemental jurisdiction over Plaintiff's claim against Defendant AFSCME.[14] Plaintiff's claim—which appears to have been filed *after* the six-month statute of limitations in New Mexico's Administrative Code (11.21.3.9 NMAC)—"raises a novel . . . issue of State law." 28 U.S.C. § 1367(c)(1).[15] And, as discussed above in Section III(B), no authority that this Court is bound to follow has yet decided whether this six-month statute of limitations applies to a claim that a union breached its common-law duty of fair representation. And because there is "no controlling precedent" on this "principal

---

[13] *See also Alpenglow*, 894 F.3d at 1195 (instructing the Court to "disregard conclusory statements"); *Hayes v. Whitman*, 264 F.3d 1017, , 1025 (10th Cir. 2001) (discussing the extent to which a court can "consider additional facts or legal theories asserted in a response brief to a motion to dismiss").

[14] Although AFSCME "does not dispute that his Court has supplemental jurisdiction over Plaintiff's state law claim . . . pursuant to 28 U.S.C. § 1367(a)," Mot. 4, "[d]etermining federal court jurisdiction is *exclusively* the province of the federal courts." *United States v. Fields*, 516 F.3d 923, 934 (10th Cir. 2008) (emphasis added); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) (observing that "[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute").

[15] Although Plaintiff does not allege precisely when "the conduct claimed to violate the act" occurred, it appears that his Complaint—filed on November 27, 2019—was filed "more than six months after [he] either discovered or reasonably should have discovered [the] conduct." 11.21.3.9 NMAC; *see* Compl. 8, 15, 23-24 (Plaintiff alleging that "[o]n November 24, 2018, it was voted upon that [Plaintiff] could do an arbitration" and that he was "later informed [at some unspecified date] that [two union representatives] had filed the paperwork incorrectly"); Resp. 3-4 (Plaintiff alleging that (1) he "had an ongoing email discussion with [a union representative] over this issue [of a filing error] into the spring of 2019;" (2) he was informed on May 9, 2019, that "the case had been finalized back on November 30, 2018[,] when the [Public Defender] decided that the appeal for arbitration of the termination had been filed incorrectly;" and (3) "the last action by the Union representative . . . was May 9, 2019").

issue," *Merrifield*, 654 F.3d at 1085, this Court should decline to exercise supplemental jurisdiction over this claim—leaving this novel question to the New Mexico courts and thereby refraining from making "a guess or uncertain prediction" on this issue. *Roe*, 124 F.3d at 1237.

## V. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that this Court (1) **DECLINE** to exercise supplemental jurisdiction over Plaintiff's claims against Defendant AFSCME, (2) **GRANT** Defendant AFSCME's Motion, and (3) **DISMISS WITHOUT PREJUDICE** Plaintiff's claim against AFSCME.

**IT IS FURTHER RECOMMENDED** that Plaintiff be permitted to amend his Complaint to include a claim (or claims) against Defendant AFSCME that (1) clarifies the grounds for the Court's jurisdiction that Plaintiff seeks to invoke, (2) states a claim upon which relief may be granted, and (3) does not raise a novel issue of state law.

**SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed**.