IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL S. HAWRANEK,

    Plaintiff,

vs.                                                                                                              No. CIV 19-1112 JB/GJF

LAW OFFICE OF THE PUBLIC
DEFENDER and AFSCME COUNCIL 18,

    Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 25, 2020 (Doc. 27)("PFRD"); and (ii) the Objections to Proposed Find[ings] to and Recommended Disposition, filed September 8, 2020 (Doc. 28)("Objections"). The Objections are fully briefed. The Court will: (i) adopt the PFRD; (ii) overrule the Objections; (iii) dismiss the Plaintiff Daniel Hawranek's claims against Defendant AFSCME Council 18 ("AFSCME"); (iv) grant Hawranek leave to amend his Complaint, filed November 27, 2019 (Doc. 1), to include a claim against AFSCME that (a) clarifies the grounds for the Court's jurisdiction that Hawranek seeks to invoke, (b) states a claim against AFSCME upon which relief may be granted, and (c) does not raise a novel issue of state law; and (v) order Hawranek to file any such an amended Complaint no later than thirty days from the entry of this order.

## LAW REGARDING OBJECTIONS TO PFRDs

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter

dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638

---

[1] Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit has stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition,

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeal, expanded the waiver rule to cover objections that are timely, but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings). The Committee also heard Judge [Charles] Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting

---

we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

> § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659 ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask. [A failure to object] does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard."). In One Parcel, the Tenth Circuit noted that the Honorable H. Dale Cook, United States District Judge for the United States District Court for the Northern District of Oklahoma, had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD, "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant

evidence of record and not merely review the magistrate judge's recommendation." Griego v. Padilla, 64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD.  See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cty., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'")(quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676 (emphasis omitted)).

## ANALYSIS

The Court has reviewed carefully the PFRD de novo and the associated briefing. Notwithstanding the Plaintiff Daniel Hawranek's objections -- which are "completely devoid of any supporting case law" as  AFSCME notes correctly, AFSCME's Response to Plaintiff's Objections to Findings and Recommended Disposition, filed September 22, 2020 (Doc. 29), and which provide no valid basis for this Court to reach a conclusion contrary to that recommended by the PFRD -- the Court agrees with the analysis and conclusions in the PFRD.  Notably, Hawranek has presented "no *factual* allegations that an apparent filing error committed by AFSCME was

committed in bad faith, fraudulently, or arbitrarily." PFRD at 7 (emphasis in original). See Akins v. United Steel Workers of Am., 2010-NMSC-031, ¶ 11, 148 N.M. 442, 446, 237 P.3d 744, 748 (limiting the cause of action for breach of the duty of fair representation to "arbitrary, fraudulent or bad faith conduct on the part of the union; allegations of mere negligence by the union do not state a viable claim for relief"). Moreover, Hawranek's claim against AFSCME "raises a novel . . . issue of State law." PFRD at 7 (quoting 28 U.S.C. § 1367(c)(1)). Hawranek's claim was filed after the six-month statute of limitations in N.M. Code R. § 11.21.3.9,[3] but "no authority that this Court is bound to follow has yet decided whether" the statute of limitations "applies to a claim that a union breached its common-law duty of fair representation." PFRD at 7. See Merrifield v. Bd. of Cty. Comm'rs, 654 F.3d 1073, 1085 (10th Cir. 2011)(stating that federal courts should decline supplemental jurisdiction over state law claims where "there is no controlling precedent" regarding a "principal issue in the state-law claim"); Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1237 (10th Cir. 1997). Specifically, although two New Mexico trial courts have held that this statute of limitations "applies to common-law duty of fair representation claims against unions, no higher-level court in New Mexico has addressed this novel issue -- and neither has the Tenth Circuit or any other federal court in this district." PFRD at 5. Consequently, the Court will, for the reasons set forth in the PFRD, adopt the PFRD in its entirety.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 25, 2020 (Doc. 27), is adopted; (ii) the Objections to Proposed Find[ings]

---

[3]The regulation states: "Any complaint filed more than six (6) months following the conduct claimed to violate the act, or more than six (6) months after the complainant either discovered or reasonably should have discovered each conduct, shall be dismissed." N.M. Code R. § 11.21.3.9.

to and Recommended Disposition, filed September 8, 2020 (Doc. 28), are overruled; (iii) the Plaintiff Daniel Hawranek's claims against Defendant AFSCME Council 18 are dismissed without prejudice; (iv) Hawranek is granted leave to amend his Complaint, filed November 27, 2019 (Doc. 1), to include a claim against AFSCME that (a) clarifies the grounds for the Court's jurisdiction that Plaintiff seeks to invoke, (b) states a claim against AFSCME upon which relief may be granted, and (c) does not raise a novel issue of state law; and (v) Hawranek shall file any such an amended Complaint no later than thirty days from the entry of this order.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Daniel S. Hawranek
Las Cruces, New Mexico

    *Plaintiff pro se*

Paula Grace Maynes
Miller Stratvert P.A.
Santa Fe, New Mexico

    *Attorneys for Defendant Law Office of the Public Defender*

James A. Montalbano
Shane C. Youtz
Youtz & Valdez, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant AFSME Council 18*