**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

DANIEL S. HAWRANEK,

      Plaintiff,

v.                                                                                     Civ. No. 19-1112 JB/GJF

LAW OFFICE OF THE PUBLIC
DEFENDER and AFSCME COUNCIL 18,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED
<u>DISPOSITION REGARDING PLAINTIFF'S "AMENDMENT TO COMPLAINT"</u>**

THIS MATTER is before the Court *sua sponte*.  On March 18, 2021, the Court dismissed Plaintiff's claims against Defendant AFSCME Council 18 without prejudice.  ECF 30.  In doing so, the Court permitted Plaintiff to "file … an amended Complaint *no later than*" Monday, April 19, 2021.  ECF 30 at 8 (emphasis added).[1]  Plaintiff, however, did not file an amended complaint— or anything else (e.g., a request for an extension of time)—by this deadline.  Instead, on April 21, 2021, Plaintiff filed an "Amendment *to* Complaint," a vague three-page document that "seeks to amend Count number seven [in Plaintiff's original complaint] from [a state law] *Negligence* [claim] to a [federal] Title VII *Retaliation* Charge."  ECF 32 at 1 (emphasis added); *see also* ECF 1 at 8 (portion of Plaintiff's original complaint containing "Charge Seven: Negligence by the Union Representatives").  For the reasons set forth below, and in accordance with the presiding judge's Order of Reference [ECF 26], the Court now recommends **DISMISSING** Plaintiff's claims against AFSCME **WITH PREJUDICE**.

---

[1] *See* ECF 30 at 8 (permitting Plaintiff to file an amended Complaint "no later than thirty days from [March 18, 2021]"); Fed. R. Civ. P. 6(a) (preventing the last day from landing on a weekend).

## I.   BACKGROUND

The Court's previous Proposed Findings and Recommended Disposition [ECF 27], which the presiding judge has since adopted [ECF 30 at 7], summarizes Plaintiff's original complaint and its allegation against AFSCME as follows:

> On November 27, 2019, Plaintiff filed a pro se "Complaint for Employment Discrimination," alleging that Defendant Law Office of the Public Defender committed various acts of employment discrimination against him.[2]   The Complaint also alleges one "charge" against Defendant AFSCME Council 18, the public sector union to which Plaintiff previously belonged.   Plaintiff alleges that, after he was fired on October 24, 2018, AFSCME committed an act of "[n]egligence" by "filing [arbitration-related] paperwork incorrectly" and foreclosing his opportunity to participate in "binding arbitration" with the Public Defender.

ECF 27 at 1-2 (footnote in original) (citations and subsequent footnote omitted).

Because this charge against AFSCME was dismissed with leave to amend, Plaintiff now "seeks to amend [this charge] from Negligence to a Title VII Retaliation Charge."  ECF 32 at 1. Plaintiff's new (unnumbered) allegations in his "Amendment to Complaint" seem to generally suggest that AFSCME did not properly advocate either (1) that Plaintiff should have been given more equitable and favorable work expectations or (2) that Plaintiff's employment should not have been terminated:

> [T]he underlying issues [including of Plaintiff's employer apparently assigning Plaintiff unreasonable job expectations when changing his job assignments numerous times over a two-year period] would not get addressed or followed through by the Union.  There were continuous issues of the lack of involvement of the Union. … The Union would not follow through and solve the underlying issues. The pattern repeated itself numerous [times] in two years. …
>
> There was a complete inaction by the Union Representative once the process was started to terminate the plaintiff's employment. … [At] [e]very step of the process

---

[2] Specifically, Plaintiff alleges that—as a result of his "gender/sex," age (50), and disability (i.e., "stray eye, sleep apnea, and deafness")—the Public Defender provided "[u]nequal terms and conditions of [his] employment," retaliated against him, refused to promote him, and fired him.  Compl. 4; *see also id.* at 7-16 (discussion of Plaintiff's allegations, including eight enumerated "charges" and other unenumerated grievances).

there was an issue with Union's representation. … The Union Representative could have gotten [an] [unidentified] allegation dismissed but did not follow through [presumably by not challenging the unidentified allegation as being too old and an invalid basis for termination]. … The Union Representative [untimely responded to a "Notice of Contemplated Action"] [and] got the [unidentified] dates wrong. … The Union Representative then did not file the appeal paperwork appropriately [by presumably referring to a wrong union contract]. … The union decided not to pay for the arbitration due to the mistakes in filing of the Union representatives.

ECF 32 at 1-3.

## II.  DISCUSSION

As a preliminary matter, Plaintiff's filing is untimely.  Although Plaintiff moved for an extension of time on April 21, 2021, *see* ECFs 31 (original motion for time extension), 35 (amended motion for time extension), Plaintiff's rather vague excuses for his late filing do not appear to amount to "excusable neglect."  Fed. R. Civ. P. 6(b)(2).[3]  Furthermore, Plaintiff has *again* violated the Local Rules by not including a "recitation of a good-faith request for [Defendants'] concurrence."  D.N.M.LR-Civ. 7.1.(a).  *See* ECFs 31, 35; *see also* ECF 24 (the Court previously denying Plaintiff's motion to reconsider for this same violation); D.N.M.LR-Civ. 7.1.(a) (establishing that "a motion that omits recitation of a good-faith request for concurrence may be summarily denied").

Nevertheless—even if the Court disregards the repeated Local Rule violations *and* assumes that Plaintiff's explanations amounted to "excusable neglect"—the Court recommends dismissing Plaintiff's Title VII retaliation claim against AFSCME for more fundamental reasons.  First, the allegation falls far short of "stat[ing] a claim upon which relief can be granted."  Fed. R. Civ. P.

---

[3] Plaintiff's excuses consisted of (1) unspecified technology issues that apparently required him to "replace the Law Firm's computer system, printer and a printer scanner;" (2) an unidentified "District Court Jury trial that required massive amounts of time to litigate;" and (3) a desire to consult with other attorneys about the amendment. ECF 35 at 1-2.  These excuses do not rise to the level of excusable neglect.  *See Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (observing that "[t]he most important factor" to consider when assessing excusable neglect is "the reason for the delay"—particularly because "an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect").

12(b)(6).  Second—even if it did—the Court would still lack subject matter jurisdiction over such a claim because Plaintiff did not properly exhaust his administrative remedies.  Finally, because it would be futile to allow Plaintiff an opportunity to *again* amend his complaint with respect to AFSCME, the Court will recommend dismissing Plaintiff's claims against AFSCME with prejudice.

### A.  Legal Standard

#### 1.  Pleading Requirements

"A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[4]  Such a claim must "contain enough allegations of *fact*, taken as true, 'to state a claim to relief that is plausible on its face.'"  *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When the Court "evaluat[es] the sufficiency of a complaint," it must "disregard conclusory statements and look only to whether the remaining, *factual* allegations plausibly suggest the defendant is liable."  *Id.* (emphasis added) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).  In other words, "'legal conclusions' as well as '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,'" are not "entitled to the assumption of truth."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  Instead, the Court is to only "'assume the veracity' of the well-pleaded factual allegations 'and then determine whether they plausibly give rise to an entitlement to relief.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679);

---

[4] Although "[a] pro se litigant's pleadings are to be construed liberally," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), such a litigant must nevertheless "follow the same rules of procedure that govern other litigants."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).  This is especially true where, as here, the pro se plaintiff is a licensed and long-time practicing attorney.

*see also Iqbal*, 556 U.S. at 678 (explaining that such well-pled "factual content [must] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

If a claim does not meet this pleading standard, a court may dismiss such a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Furthermore, a court may dismiss such a claim *sua sponte*—and with prejudice—when "it is patently obvious that the plaintiff could not prevail on the facts alleged … and allowing him an opportunity to amend his complaint would be futile." *Barnett v. Hall*, 956 F.3d 1228, 1236 (10th Cir. 2020) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)); *Johnson v. Spencer*, 950 F.3d 680, 715 (10th Cir. 2020) (same).

2.  Title VII Retaliation Claim

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, makes it unlawful for a labor organization to retaliate (through discrimination) against its members for engaging in protected opposition to discrimination:

> "It shall be an unlawful employment practice for … a labor organization to discriminate against any member thereof … because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."

42 U.S.C. § 2000e-3(a).[5] "To state a prima facie Title VII retaliation claim, a plaintiff must show (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Bekkem v. Wilkie*, 915 F.3d 1258, 1267 (10th Cir. 2019) (brackets and internal quotation marks omitted).

---

[5] *See also Henderson v. Int'l Union*, 263 F. Supp 2d 1245,1293 (D. Kan. 2003) (stating that "generally it is possible to find retaliation when a union refuses to represent an employee because the employee has opposed illegal discrimination by the employer" (citing *Romero v. Union Pacific R.R.*, 615 F.2d 1303, 1310 (10th Cir. 1980))); *Perez v. United Air Lines, Inc.*, 362 F. Supp. 2d 1230, 1243 (D. Colo. 2005) (same).

In addition, "[i]t is well-established that Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit." *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). In fact, "a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII." *Id.* "The first step to exhaustion is the filing of a charge of discrimination with the EEOC [Equal Employment Opportunity Commission]." *Jones v. UPS, Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007). Such a charge must first be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *Id.* at 1184 (quoting 29 C.F.R. § 1601.12(b)).

"The next step" is to assess "the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.* at 1186 (quotation omitted). And although the Court "liberally construe[s] charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim," "the charge must contain facts concerning the discriminatory and retaliatory actions underlying *each* claim." *Id.* at 1186 (emphasis added). Indeed, "the rule [is] that each discrete incident of alleged discrimination or retaliation constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Id.* (quotation omitted).

**B. Analysis**

1. Plaintiff Has Failed to State a Claim

Plaintiff's Title VII retaliation claim against AFSCME fails to state a claim upon which relief can be granted. Indeed, it is one of those complaints that the Supreme Court must have had in mind when it emphasized that the factual assertions must be (1) non-conclusory and (2) contain sufficiently specific and numerous *factual* allegations as to make the claim for relief not merely possible but plausible. *See Alpenglow*, 894 F.3d at 1195 (quoting *Twombly*, 550 U.S. at 555; *Iqbal*,

556 U.S. at 678-79).  The "Amendment to Complaint" does none of this.  It is vague, non-specific, and almost entirely conclusory.  It is bereft of any meaningful assertions of actual *fact*—and is instead a collection of unfocused and loosely-connected grievances that Plaintiff appears to have for his former employer and the union to which he belonged.  Whatever else may be said about the "Amendment to Complaint," it does not state a claim under Title VII under which relief could be granted, either under the plain text of Federal Rule of Civil Procedure 8(a) or the *Iqbal/Twombley* standard.  Indeed, its disjointed suggestion that AFSCME did not properly advocate for Plaintiff (to receive more favorable work expectations or to retain his employment), *see supra* Section I, does not plausibly suggest that—as a result of Plaintiff "engag[ing] in protected opposition to discrimination"—AFSCME took a materially adverse action against Plaintiff to retaliate (or discriminate) against him for making such a protected opposition.  *Bekkem*, 915 F.3d at 1267.

## 2.  The Court Lacks Jurisdiction

Moreover—even if Plaintiff's Title VII retaliation claim against AFSCME somehow cleared the bar to state a claim upon which relief could be granted—the Court would still lack subject matter jurisdiction over such a claim because Plaintiff has "failed to exhaust his administrative remedies" with respect to this newfound claim.  *Shikles*, 426 F.3d at 1317.  Plaintiff's original complaint makes abundantly clear that his "charge of discrimination [filed] with the EEOC" is not even "sufficiently precise to identify [all] the parties" that he now wishes to sue under Title VII.  *Jones*, 502 F.3d at 1183-84.  Specifically, although the EEOC charge referenced "the Union" and its "[n]egligence" as a "charge" in an attachment, it never precisely identifies *AFSCME* as a party "that [Plaintiff] believe[d] discriminated against [himself] or others."  ECF 1

at 19-24; *see also id.* at 18 (EEOC's letter classifying the closed EEOC action as "[Plaintiff] against Law office of Public Defender").

More significantly, the EEOC filing does not "contain *facts* concerning the discriminatory [or] retaliatory actions underlying [Plaintiff's newfound Title VII retaliation claim against AFSCME]." *Jones*, 502 F.3d at 1186 (emphasis added); *see also id.* (requiring the alleged facts to be "sufficiently related to the claim such that those facts would [have] prompt[ed] an [administrative] investigation of the claim" (quotation omitted)); ECF 1 at 19-24.

In sum, Plaintiff's EEOC complaint never (1) identified AFSCME or (2) contained facts concerning AFSCME's alleged retaliatory actions.  Consequently, Plaintiff's newfound Title VII retaliation claim against AFSCME does not qualify as a claim "for which administrative remedies [have been] exhausted." *Jones*, 502 F.3d at 1186.  "Thus, the district court lack[s] subject matter jurisdiction over [this] claim." *Shikles*, 426 F.3d at 1317.

### 3.  Further Amendment Would Be Futile

Because the Court previously provided Plaintiff with an opportunity to cure the shortcomings of his pleading—and given the manifest and perpetuated deficiencies of Plaintiff's "Amendment to Complaint" discussed above—it is recommended that the presiding judge conclude that permitting additional amendment would be futile and thus dismiss Plaintiff's claims against AFSCME with prejudice.  *See Barnett*, 956 F.3d at 1236.  If this recommendation is adopted, the operative complaint in the lawsuit again would be Plaintiff's original complaint [ECF 1].  Furthermore, only those claims in the original complaint that apply to Defendant Law Office of the Public Defender would remain pending.

## III. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that this Court **DISMISS** Plaintiff's claims against AFSCME **WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that this Court **DENY AS MOOT** Plaintiff's two motions [ECFs 31, 35] that seek to justify the belated filing of his "Amendment to Complaint" [ECF 32].

**SO RECOMMENDED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed**.